DEBORAH CONNOR, Acting Chief
Money Laundering & Asset Recovery Section (MLARS)
MARY BUTLER
Chief, International Unit
WOO S. LEE
Deputy Chief, International Unit
KYLE R. FREENY
Trial Attorney
Criminal Division
United States Department of Justice
    1400 New York Avenue, N.W., 10th Floor
    Washington, D.C. 20530
    Telephone: (202) 514-1263
    Email:  Woo.Lee@usdoj.gov

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JOHN J. KUCERA (CBN: 274184)
CHRISTEN A. SPROULE (CBN: 310120)
Assistant United States Attorneys
Asset Forfeiture Section
    312 North Spring Street, 14th Floor
    Los Angeles, California 90012
    Telephone: (213) 894-3391/(213) 894-4493
    Email: John.Kucera@usdoj.gov/Christen.A.Sproule@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>                    v.<br><br>REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA,<br><br>                Defendant. | No. CV 16-5363-DSF (PLAx)<br><br>**STIPULATION AND REQUEST TO ENTER CONSENT JUDGMENT OF FORFEITURE**<br><br>[PROPOSED] **CONSENT JUDGMENT LODGED CONCURRENTLY HEREWITH** |
| NEIL MOFFITT<br>        and<br>1169 NORTH HILLCREST, LLC.<br><br>                Claimants. | |

1    Plaintiff United States of America ("Plaintiff" or the "United

2  States") and Claimants Neil Moffitt ("Moffitt") and 1169 North

3  Hillcrest, LLC (collectively, "Claimants"), by and through their

4  respective attorneys, stipulate and request that this Court enter the

5  proposed consent judgment lodged concurrently herewith, to carry into

6  effect the stipulation reached between the parties concerning the

7  Defendant *in Rem*, Real Property Located in Beverly Hills, California

8  (the "Defendant Real Property").

9    On July 20, 2016, the United States commenced this action

10 alleging that the Defendant Real Property was subject to forfeiture

11 pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).  Pursuant to 28 U.S.C.

12 §§ 1345 and 1355, this Court has jurisdiction over this action and

13 over the parties hereto.

14   Notice of this action was given and published in accordance with

15 law.  On October 4, 2016, Claimants filed Verified Claims (Docket

16 Nos. 28 and 29) and, on October 10, 2016, Claimants filed Answers to

17 the Verified Complaint for Forfeiture *in Rem*.  (Docket Nos. 34 and

18 36).[1]  No other claims or answers have been filed, and the time

19 allowed for filing claims and answers has expired.

20   On or about March 24, 2014, for approximately $15 million, 1169

21 North Hillcrest LLC, a Nevada entity, purchased the Defendant Real

22 Property.  At that time, Khadem Abdulla Al Qubaisi ("Al Qubaisi") was

23 the beneficial owner of 1169 North Hillcrest LLC, and Moffitt was its

24 "manager."

25

26   [1] On September 8, 2016, "Palumbo Design, LLC" filed a verified
   claim as to the Defendant Real Property (Docket No. 21) and an answer
27 on September 28, 2016 (Docket No. 25).  On January 23, 2017, the
   Court ordered the withdrawal of Palumbo Design, LLC's claim and
28 answer.  (Docket No. 72).

Moffitt has represented to the government that on or about February 9, 2015, for approximately $16.3 million and the assumption of 1169 Hillcrest LLC's obligations, NAM 2 LLC, a Nevada entity wholly owned by Moffitt, purchased all of Al Qubaisi's interest in 1169 North Hillcrest LLC. As this transfer was conducted as a membership purchase agreement, no transfer of deed was recorded to reflect the sale of the Defendant Real Property. To fund NAM 2 LLC's purchase of 1169 North Hillcrest LLC, Moffitt used his personal line of credit with a major financial institution that was not secured by the Defendant Real Property. Moffitt has represented to the government that this transaction was an arm's-length commercial transaction.

Moffitt has also represented to the government that at the time he purchased 1169 North Hillcrest LLC from Al Qubaisi, he had no knowledge of the underlying conduct giving rise to the instant forfeiture action, including but not limited to the alleged involvement of Al Qubaisi in a scheme to misappropriate and launder funds embezzled or fraudulently obtained from 1Malaysia Development Berhad ("1MDB"). Moffitt further represented that prior to July 20, 2016, he had no knowledge that any of the funds he received from Al Qubaisi or Al Qubaisi's companies and legal entities were in any way traceable to criminal conduct.

Claimants, and each of them, stipulate and agree that there was probable cause for the institution of this action against the Defendant Real Property.

Notwithstanding the government's agreement to enter into this stipulation for entry of a consent judgment, should the government

1   discover that Claimants, or either of them, knowingly withheld

2   material information or otherwise were not completely truthful and

3   candid about the facts set forth above, the United States shall have

4   the right to seek the forfeiture of any and all assets traceable to

5   the Defendant Real Property or, alternatively, file an action against

6   Claimants for compensatory damages in the amount of approximately

7   $19.1 million.  All applicable statutes of limitations shall be

8   tolled from the effective date of this Agreement until such time as

9   the Government reaches such conclusion.

10       The proposed consent judgment provides the following:

11       a.   The net proceeds of the sale of the Defendant Real Property

12  shall be held in the client trust account of Claimants' attorney,

13  Ronald Richards, Ronald Richards and Associates, A.P.C., Beverly

14  Hills, California (the "IOLTA Account"), pending distribution

15  according to the judgment.

16       b.   Forthwith, Moffitt shall file Internal Revenue Service

17  ("IRS") Form 1040 for tax year 2016, correctly reporting all taxable

18  income received and allowable deductions.  Moffitt agrees to

19  cooperate with the IRS in its efforts to examine his Forms 1040 for

20  tax year 2016 and Moffitt's previously filed Form 1040 for tax year

21  2015.  Specifically, Moffitt agrees to continue to provide the IRS

22  with any information or documents requested to substantiate the items

23  reported on said Forms 1040.

24       c.   Moffitt consents to the assessment and collection of the

25  tax liabilities reported on the Forms 1040 described in sub-paragraph

26  b, as well as the statutory interest and penalties related to such

27  tax liabilities, as applicable.

28

4

d.    Moffitt waives all defenses to the assessment and/or collection of the tax liabilities reported on the Forms 1040 described in sub-paragraph b, as well as statutory interest and penalties related to said tax liabilities, including any defense based on the expiration of the period of limitations on assessment or collection.  With respect to tax liabilities reported on the Forms 1040 described in sub-paragraph b, and statutory interest and penalties related to said tax liabilities.  Moffitt waives all rights to Collection Due Process ("CDP") hearings before the Office of Appeals under I.R.C. §§ 6320 and 6330.  Moffitt waives all other rights to hearings before the Office of Appeals, including hearings under the Collection Appeals Program ("CAP"), and Appeals consideration of the rejection or termination of any alternative payment proposal.  This waiver includes the waiver of all rights to Appeals consideration of the merits of the underlying liability and any matters concerning collection of the tax liability, including any challenges to Notices of Federal Tax liens or levies, and challenges to termination of an installment agreement, payment extension, rejected or defaulted Offer in Comprise or other promises regarding payment.  Moffitt further waives the right to receive notices of appeal rights that are waived by this agreement, including the right to receive CDP notices under I.R.C. §§ 6330 and 6330.  Moffitt waives all restrictions on levy under I.R.C. §§ 6330 and 6331. Notwithstanding any other language herein, Moffitt retains his rights in accordance with Section 6404 of the Internal Revenue Code of 1986, as amended, to seek abatements of any interest and penalties on tax assessments for tax years 2015 and 2016.

1       e.   Following Moffitt's filing of Form 1040, as described above

2   in sub-paragraph b, sufficient funds from the IOLTA Account shall be

3   directed to the IRS to fully pay Moffitt's tax liabilities as

4   identified in Forms 1040 for tax years 2015 and 2016 as well as

5   $562,107, which amount is the estimated interest due the IRS

6   resulting from Moffitt's tax liability for tax year 2015.

7       f.   From the date the IRS receives the funds described in sub-

8   paragraph e, the IRS shall have six months to determine whether any

9   additional tax liabilities or interest are owed for 2015 and/or 2016,

10   and $500,000 from the proceeds of the sale of the Defendant Real

11   Property shall be held and remain in the IOLTA Account during such

12   time (the "Remainder Funds").  During this six-month period, should

13   the IRS determine that any additional tax liability or interest is

14   owed, the amount of such liability promptly shall be directed from

15   the IOLTA Account to the IRS to fully satisfy such liabilities and/or

16   interest.  Moffitt understands that he is responsible for any

17   discrepancy should the Remainder Funds be insufficient to satisfy any

18   interest, debt, or liability to the IRS.  If, following this six-

19   month period, the IRS has not completed its determination of

20   additional liabilities or interest due, or if the IRS determines no

21   additional liability or interest is due, the Remainder Funds shall be

22   released to Claimants.  Neither this Stipulation nor the Proposed

23   Judgment does or shall prohibit or restrain the IRS from seeking

24   additional liabilities or interest due, notwithstanding whether the

25   IRS makes any determination within the six-month period described

26   herein.  Further, for all years, including tax years 2015 and 2016,

27   nothing in this Stipulation or the proposed Judgment shall prohibit

28

or in any way impede the IRS from assessing and collecting any and all tax liabilities, additions to tax, penalties, and interest, all of which rights and obligations to assess and collect are hereby reserved.

g.    Following the payment of funds to the IRS described in sub-paragraph e, and subject to the reservation of the Remainder Funds described in sub-paragraph f, any surplus funds from the sale proceeds of the Defendant Real Property shall be released to Claimants.

In consideration of this settlement, Claimants, and each of them, agree to:

a.    release and hold harmless the United States of America, including the United States Department of Justice and its component agencies and bureaus, and any agents, servants, contractors, and employees of the United States, acting in their individual or official capacities, from any and all actions, causes of action, suits, proceedings, debts, judgments, damages, claims or demands whatsoever in law or equity in which Claimants, their heirs, successors or assignees ever had, now have or may have, whether known or unknown, in connection with this forfeiture action;

b.    waive any and all claims to attorney's fees and costs, whether pursuant to 28 U.S.C. § 2465 or otherwise; and

c.    waive any right Claimants, and each of them, may have to petition for remission or mitigation in connection with the instant action.

As it pertains to this Stipulation and the Proposed Consent Judgment, all rights of appeal are hereby waived by all parties,

except that the parties do not waive their rights to seek enforcement of the terms of the consent judgment, which rights are expressly retained.

The parties agree that any dispute arising between or among the parties to this Stipulation shall be resolved by the United States District Court for the Central District of California.  This Court shall retain jurisdiction to enforce the requested Judgment. Should any dispute arise concerning interpretation of or either party's compliance with the terms of the requested Judgment, the parties shall endeavor in good faith to resolve any such dispute between themselves before bringing it to the Court for resolution. In the event of either party's alleged failure to comply with the terms of the requested Judgment or either party's act in violation of any provision thereof, the aggrieved party may move this Court to

///

///

///

impose any remedy authorized by law or equity, including awarding attorney's fees, issuing contempt citations or ordering monetary sanctions, damages and penalties.

DATED: May 26, 2017

DEBORAH CONNOR
Acting Chief, MLARS

SANDRA R. BROWN
Acting United States Attorney

JOHN J. KUCERA
CHRISTEN A. SPROULE
Assistant United States Attorneys

WOO S. LEE
Deputy Chief, MLARS
KYLE R. FREENY
Trial Attorney, MLARS


Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: May 26, 2017

NEIL MOFFITT,
Both in his individual capacity and on behalf of 1169 Hillcrest, LLC

DATED: May 26, 2017

JOHN PAPPALARDO,
Attorney for Claimants
Neil Moffitt and
1169 Hillcrest, LLC