UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>REAL PROPERTY LOCATED IN BEVERLY HILLS, CALIFORNIA,<br><br>　　　　　Defendant. | No. CV-16-5363-DSF (PLAx)<br><br>[CONSENT JUDGMENT OF FORFEITURE |
|---|---|
| NEIL MOFFITT<br>　　　and<br>1169 NORTH HILLCREST, LLC.<br><br>　　　　　Claimants. | |

On July 20, 2016, Plaintiff United States of America ("Plaintiff" or the "United States") commenced this action, and notice was given and published in accordance with law. Claimants Neil Moffitt ("Moffitt") and 1169 North Hillcrest, LLC (collectively, "Claimants") filed the only claims to the defendant real property located in Beverly Hills, California (the "Defendant Real Property"). No other claims or answers have been filed, and the time for filing such claims and answers has expired.

Now, the parties have reached an agreement that is dispositive of the claims to the Defendant Real Property. Based on the parties' Stipulation and Request for a Consent Judgement, and for good cause shown, IT IS ORDERED, ADJUDGED AND DECREED:

A. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355, and over the parties hereto.

B. The Verified Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

C. Notice of this action has been given in accordance with law. All potential claimants to the Defendant Real Property other than Claimants are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

D. The net proceeds of the sale of the Defendant Real Property shall be held in the client trust account of Claimants' attorney, Ronald Richards, Ronald Richards and Associates, A.P.C., Beverly Hills, California (the "IOLTA Account"), pending distribution as follows:

    a. Forthwith, Moffitt shall file Internal Revenue Service ("IRS") Form 1040 for tax year 2016, correctly reporting all taxable income received and allowable deductions. Moffitt shall cooperate with the IRS in its efforts to examine his Forms 1040 for tax year 2016 and Moffitt's previously filed Form 1040 for tax year 2015. Specifically, Moffitt shall continue to provide the IRS with any information or documents requested to substantiate the items reported on said Forms 1040.

    b. Moffitt shall fully cooperate with the IRS in its assessment and collection of the tax liabilities reported on the

Forms 1040 described in sub-paragraph a, as well as the statutory interest and penalties related to such tax liabilities, as applicable.

        c.    Moffitt waives all defenses to the assessment and/or collection of the tax liabilities reported on the Forms 1040 described in sub-paragraph b, as well as statutory interest and penalties related to said tax liabilities, including any defense based on the expiration of the period of limitations on assessment or collection. With respect to tax liabilities reported on the Forms 1040 described in sub-paragraph b, and statutory interest and penalties related to said tax liabilities. Moffitt waives all rights to Collection Due Process ("CDP") hearings before the Office of Appeals under I.R.C. §§ 6320 and 6330. Moffitt waives all other rights to hearings before the Office of Appeals, including hearings under the Collection Appeals Program ("CAP"), and Appeals consideration of the rejection or termination of any alternative payment proposal. This waiver includes the waiver of all rights to Appeals consideration of the merits of the underlying liability and any matters concerning collection of the tax liability, including any challenges to Notices of Federal Tax liens or levies, and challenges to termination of an installment agreement, payment extension, rejected or defaulted Offer in Comprise or other promises regarding payment. Moffitt further waives the right to receive notices of appeal rights that are waived by this agreement, including the right to receive CDP notices under I.R.C. §§ 6330 and 6330. Moffitt waives all restrictions on levy under I.R.C. §§ 6330 and 6331. Notwithstanding any other language herein, Moffitt retains his rights in accordance with Section 6404 of the Internal Revenue Code of 1986,

as amended, to seek abatements of any interest and penalties on tax assessments for tax years 2015 and 2016.

        d.    Following Moffitt's filing of Form 1040, as described above in sub-paragraph a, sufficient funds from the IOLTA Account shall be directed to the IRS to fully pay Moffitt's tax liabilities as identified in Forms 1040 for tax years 2015 and 2016 as well as $562,107, which amount is the estimated interest due the IRS resulting from Moffitt's tax liability for tax year 2015.

        e.    From the date the IRS receives the funds described in sub-paragraph d, the IRS shall have six months to determine whether any additional tax liabilities or interest are owed for 2015 and/or 2016, and $500,000 from the proceeds of the sale of the Defendant Real Property shall be held and remain in the IOLTA Account during such time (the "Remainder Funds").  During this six-month period, should the IRS determine that any additional tax liability or interest is owed, the amount of such liability promptly shall be directed from the IOLTA Account to the IRS to fully satisfy such liabilities and/or interest.  Moffitt shall be responsible for any discrepancy should the Remainder Funds be insufficient to satisfy any interest, debt, or liability to the IRS.  If, following this six-month period, the IRS has not completed its determination of additional liabilities or interest due, or if the IRS determines no additional liability or interest is due, the Remainder Funds shall be released to Claimants.  Neither this Stipulation nor the Proposed Judgment does or shall prohibit or restrain the IRS from seeking additional liabilities or interest due, notwithstanding whether the IRS makes any determination within the six-month period described herein.  Further, for all years, including tax years 2015 and 2016,

nothing in this Stipulation or the proposed Judgment shall prohibit or in any way impede the IRS from assessing and collecting any and all tax liabilities, additions to tax, penalties, and interest, all of which rights and obligations to assess and collect are hereby reserved.

  f. Following the payment of funds to the IRS described in sub-paragraph d, and subject to the reservation of the Remainder Funds described in sub-paragraph e, any surplus funds from the sale proceeds of the Defendant Real Property shall be released to Claimants.

 E. Each of the parties shall bear its own attorney's fees and costs.

 F. The Court shall retain jurisdiction to enforce this Judgment.

 G. The Court finds that there was reasonable cause for the institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

5/30/17

_____  _____
DATE                         HONORABLE DALE S. FISCHER
                             UNITED STATES DISTRICT JUDGE

**SIGNATURE OF PARTIES ARE ON NEXT PAGE**

**Approved as to form and content:**

DATED: May ___, 2017          DEBORAH CONNOR
                              Acting Chief, MLARS

                              SANDRA R. BROWN
                              Acting United States Attorney


                              _____
                              JOHN J. KUCERA
                              CHRISTEN A. SPROULE
                              Assistant United States Attorneys

                              WOO S. LEE
                              Deputy Chief, MLARS
                              KYLE R. FREENY
                              Trial Attorney, MLARS


                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA


DATED: May ___, 2017          _____
                              NEIL MOFFITT,
                              Both in his individual capacity and on
                              behalf of 1169 Hillcrest, LLC


DATED: May ___, 2017          _____
                              JOHN PAPPALARDO,
                              Attorney for Claimants
                              Neil Moffitt and
                              1169 Hillcrest, LLC